# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Rhode Island |
|---|---|
| Name (under which you were convicted): Edgar Antonio Medina | Docket or Case No.: 04-43 ML |
| Place of Confinement: United state Penitentiary - Big Sandy | Prisoner No.: 05442-070 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) v. Edgar Antonio Medina |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court of the District of Rhode Island, One Exchange Terrance, Providence, Rhode Island 02903

   (b) Criminal docket or case number (if you know): 04-43 ML

2. (a) Date of the judgment of conviction (if you know): August 13, 2004

   (b) Date of sentencing: November 5, 2004

3. Length of sentence: 248 months

4. Nature of crime (all counts): Count (1) possession with intent to distribute over 50 grams cocaine Base. Count (2) poss. with intent to distribute heroin, (3) poss. with intent to distribute marijuana, Count (4) poss. of a firearm while in furtherence of a drug drafficking offense.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? (N/A)

   Not applicable

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Appeals Court for the First Circuit.

(b) Docket or case number (if you know): 04-2527

(c) Result: Conviction was affirmed and the sentence was vacated.

(d) Date of result (if you know): October 25, 2005.

(e) Citation to the case (if you know): 427 F.3d. 88

(f) Grounds raised: Ineffective assistance of counsel. Cocaine Base v. Powder Cocaine. Admission of prejudicial evidence. whether Medina was able to to obtain a lighter sentence under Booker.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): Don't know

(2) Result: Denied.

(3) Date of result (if you know): October, 2007

(4) Citation to the case (if you know):

(5) Grounds raised: whether or not defendant's sentence under 841/Cocaine Base was just.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective assistance of trial counsel, Sixth Amendment violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On March 29, 2004, Medina wrote trial counsel a letter explaining that a motion to suppress evidence against Medina would be in his best interest; due to a Fourth Amendment violation. Trial counsel filed for an extension to prepare for motions and a motion to suppress evidence. Trial counsel never filed for such motion due to a conflict of interest. Trial counsel knowingly and or intentionally refused to file motion for Medina. Medina's fourth Amendent was indeed violated.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Discovery was not yet provided for Medina.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND TWO: Ineffective assistance of counsel, admission of prejudicial evidence; trial counsel refused to object.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel refused to object to highly prejudicial evidence of prior bad acts, pending cases, and prior convictions. Trial counsel stated that Medina was going to take the stand, which was a false statement. Trial counsel refused redaction of these documents.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Direct appeal.

Name and location of the court where the motion or petition was filed: United States Court of appeals for the first Circuit.

Docket or case number (if you know): 04-2527

Date of the court's decision: October 25, 2005

Result (attach a copy of the court's opinion or order, if available): vacated the Sentence and affirmed the conviction.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☒ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Medina did not raise the issue for a Second time because he was informed by the appeals court that he would first need to bring the issue up in a habeas petition in the district court.

GROUND THREE: Whether Medina received Ineffective Assistance of counsel at sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel failed to prepare for sentencing and informed the court that he was unaware that Sentencing was to be held that day. Failed to move for a downward departure and failed to go over the P.S.R. with Medina at an appropriate time before sentencing.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND FOUR: Ineffective assistance of counsel, trial counsel failed to object to jury instruction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel refused to challenge the indictment as to Count IV, and did not object to erroneous jury intruction as to Count IV. And failed to mention the insufficiency of the evidence as to Count IV in Medina's motion for an acquittal.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: was not raised because ineffective claims are usually raised on 2255 petitions, unless its clear from the record.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Ineffective assistance claims are brought up in habeas petition unless extraordinary circumstances exists. And clear from the ~~recor~~ record.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground (1) was not raised due to discovery not yet provided for Medina. Ground (4) was not raised because ineffective assistance of counsel claims are usually raised on habeas petitions unless the ineffective is clear from the record. (5) was not ~~raised~~ raised because the issue had not yet arised. (6) was not yet decided in the Supreme Court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: John M. Cicilline

(b) At arraignment and plea: John M. Cicilline

(c) At trial: John M. Cicilline

(d) At sentencing: John M. Cicilline

(e) On appeal: Elaine Pouliniski

(f) In any post-conviction proceeding: NO

(g) On appeal from any ruling against you in a post-conviction proceeding: NO

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: vacate sentence and conviction.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on Jan. 21, 2008 (month, date, year).

Executed (signed) on Jan. 21, 2008 (date).

[signature]

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

Ground (5) Whether or not there was a conflict of interest that deprived Medina of conflict-free counsel when trial counsel was being investigated for violations of law ongoing during his representation of Medina for which counsel was ultimately indicted.

Ground (6) Whether Medina is entitled to a two point offense level reduction in light of the recent U.S. Sentencing Guidelines Commission's reduction of the base offense level for crack cocaine offenses.

These two issues above were not raised due to their non-existence.